UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 2 3 2009
Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H-08-761 |
| § | |
| RICHARD FLETCHER § | |

## PLEA AGREEMENT

The United States of America, by and through Tim Johnson, Acting United States Attorney for the Southern District of Texas and Samuel J. Louis, Assistant United States Attorney, and the defendant, RICHARD FLETCHER and the defendant's counsel, pursuant to Rule 11(c)(1)(A)&(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.  The defendant agrees to plead guilty to Counts One and Five of the Indictment. Count One charges the defendant with conspiracy to misbrand and counterfeit pharmaceutical drugs in violation of Title 18, United States Code, Section 371. Count Five charges the defendant with aiding and abetting the trafficking of counterfeit goods in violation of Title 18, United States Code, Sections 2320(a) and 2. The defendant, by entering this plea agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.  The statutory maximum penalty for a violation of Title 18, United States Code,

Section 371 is up to five (5) years imprisonment and a fine of up to $250,000. The statutory maximum penalty for a violation of Title 18, United States Code, Section 2320(a) is up to ten (10) years imprisonment and a fine of up to $2,000,000. Additionally, the defendant may receive a term of supervised release after imprisonment of at least three (3) years. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release not to exceed 2 years, without credit for time already served on the term of supervised release prior to such violation. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.  Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

4.  Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5.  Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6.  Defendant agrees to make complete financial disclosure by truthfully executing a

5

sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing.

### Cooperation

7.  The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph nineteen (19) and nineteen (20) of this agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

8.  The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to conspiracy to traffic and trafficking in counterfeit pharmaceutical drugs. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal

9. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

10. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing

7

range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, <u>did not induce his guilty plea</u>, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

11. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement. If the defendant instructs his attorney to file a notice of appeal at the time the sentence is imposed, the government will seek specific performance of these provisions.

### **The United States' Agreements**

12. The United States agrees to each of the following:

(a) If defendant pleads guilty to Counts One and Five of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing.

(b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c) The government will also recommend that the defendant be sentenced at the low end of the applicable guideline range.

### United States' Non-Waiver of Appeal

13.  The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a pre-sentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a);

(e) to appeal the sentence imposed or the manner in which it was determined

### Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot,

9

for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

15. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.
>
> (c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

16. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Five of the Indictment. In pleading guilty to these Counts, defendant acknowledges the facts as stated below are true, and were the case to go to trial, the government would be able to prove those facts beyond a reasonable doubt.

## Factual Basis

A. In early October, 2005, Special Agents with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") received information from investigators with Pfizer Pharmaceutical Company ("Pfizer") that an individual residing in the in Dallas, Texas was using the internet to distribute Viagra, Cialis and Levitra pharmaceutical products which were believed to be counterfeit. Viagra is a prescription drug product manufactured and marketed by Pfizer that has been approved by the Food and Drug Administration ("FDA") for distribution within the United States. Cialis is a prescription drug product manufactured and marketed by Eli Lilly Corporation ("Eli Lilly") that has been approved by the FDA for distribution within the United States. Levitra is a prescription drug manufactured by Bayer Corporation ("Bayer") that has been approved by the FDA for distribution within the United States. Viagra, Cialis and Levitra are prescription drugs that are FDA approved for the treatment of erectile dysfunction. Viagra is a trademark of Pfizer that is registered on the principal register in the United States Patent and Trademark Office. Cialis is a trademark of Eli Lilly that is registered on the principal register in the United States Patent and Trademark Office. Levitra is a trademark of Bayer that is registered on the principal register in the United States Patent and Trademark Office.

B. On or about November 29, 2007, the defendant using internet website address exportusa@hotmail.com negotiated by email with an investigator employed by Pfizer for the sale of Viagra, Cialis and Levitra pharmaceutical products. During email communications, the defendant indicated he could supply Viagra 100mg tablets for $1.00 each, Cialis 20mg tablets for $1.20 and Levitra 20mg tablets for $1.40 each. The defendant indicated the pills "looks just like the original with imprint on the pill and branded packaging." As a result of the negotiations, the defendant sent

one blister pack containing four Levitra tablets, two blister packs containing two Cialis tablets in each pack and one blister pack containing four Viagra tablets. The tablets were examined by each respective trademark holder and were determined to be counterfeit. The package containing the counterfeit tablets listed the sender's address as 5807 Harvest Hill, Dallas, Texas 75230. During December 2007, the defendant and the Pfizer investigator began negotiations for the sale of 1000 Viagra tablets. On January, 2008, the defendant, using website address exportusa@hotmail.com agreed to sell 1000 100mg Viagra tablets at $1.25 per tablet for a total price of $1250. The payment was sent to the defendant via Western Union and received on January 8, 2008. A video tape of the defendant receiving money from Western Union was obtained from a Tom Thumb grocery store in Dallas, Texas. On or about January 9, 2008, approximately 1000 counterfeit Viagra tablets were received in Houston, Texas by ICE agents. The tablets were not enclosed in packaging and were not sent with any product inserts. Samples of the Viagra tablets were analyzed by Pfizer and determined to be counterfeit. On or about January 23, 2008, the Pfizer investigator provided an ICE undercover agent contact information for the defendant including his website address and telephone number.

B.      Beginning on or about February 11, 2008, an ICE undercover agent contacted the defendant regarding the purchase of counterfeit pharmaceuticals. Between February 11, 2008 and April 24, 2008, the defendant, using exportusa@hotmail.com and telephone number (972) 239-1018, indicated he could provide quality pharmaceuticals that had been tested and worked very well. The defendant further indicated that he could supply the counterfeit pharmaceuticals within seven days of receiving payment because he had contacts with factories that produced the counterfeit pharmaceuticals. Thereafter on April 25, 2008, the defendant caused a package containing

12

approximately 987 counterfeit Viagra tablets to be imported into the United States from China after receiving $1250 as payment. The tablets were sent to an ICE undercover agents in Houston, Texas. Samples of the Viagra tablets were sent to Pfizer, the registered trademark holder and were determined to be counterfeit. A video tape of the defendant was obtained from a Western Union located inside a Tom Thumb grocery store in Dallas, Texas. The defendant presented identification with the name Richard Fletcher.

On May 15, 2008, agents with the Department of Homeland Security, Customs and Border Protection ("CBP") seized a package containing 960 tablets of counterfeit Viagra at a mail facility in San Francisco, California. The package was sent from Chngyi, China and addressed to Richard Fletcher, 5807 Harvest Hill, Apt. 2053, Dallas Texas 75230. Samples of the tablets were sent to Pfizer and to the Food and Drug Administration's Forensic Chemistry Center ("FCC"). Analysis by Pfizer and the FCC indicated the tablets were counterfeit. On May 16, 2008, a search warrant was executed for email account exportusa@hotmail.com A review of emails from the account indicates that the defendant obtained counterfeit pharmaceuticals from an individual in China who identified himself as Sun Liang. In several emails, the defendant and Liang discuss ways to evade detection of packages containing counterfeit pharmaceuticals by routing the packaging through Canada and Mexico. In addition, the defendant, on occasions, requested counterfeit pharmaceuticals to be sent to an individual in Cancun, Mexico identified as Octavio Riveroll.

On or about June 18, 2008, the defendant and an ICE undercover agent exchanged emails regarding the purchase of 500 Cialis tablets and 400 Viagra tablets. The defendant indicated the price for Cialis would be $1.50 per tablet and Viagra would remain at $1.25 per tablet. On June 19, 2008, an ICE undercover agent wired $1,250 as payment to Washington Mutual Bank, account

number xxxxxx9808 as instructed by the defendant. On or about June 30, 2008, an ICE undercover agent received a package in Houston, Texas containing 500 counterfeit Cialis tablets and 400 Viagra counterfeit Viagra tablets. Samples of the tablets were sent to the respective trademark holders and the FCC. Analysis of the samples indicated the tablets were counterfeit.

### **Breach of Plea Agreement**

17. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

### **Forfeiture**

19. This plea agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees to forfeit whatever interest he may have in assets related to the conspiracy to misbrand and

counterfeit pharmaceutical drugs, misbranding and counterfeiting of pharmaceutical drugs, including any assets that may be listed in the superseding indictment.

20. Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of defendant's assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

21. This written plea agreement, consisting of eighteen (18) pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __March 23__, 2009.

_____
RICHARD FLETCHER
Defendant

Subscribed and sworn to before me on ___March 23___, 2009.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk


APPROVED:
TIM JOHNSON
Acting United States Attorney

By: _____
SAMUEL J. LOUIS
Assistant United States Attorney
Southern District of Texas

_____
JOHN NATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA §
§
v. § CRIMINAL NO. H-08-761
§
RICHARD FLETCHER §

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____   3-23-09
JOHN NATION                 Date
Attorney for Defendant

17

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    3-23-09
RICHARD FLETCHER                              Date
Defendant

18